## HASKELL *vs.* CORNISH.

*Twelfth Judicial District Court, June,* 1857.

### PROMISSORY NOTES OF TRUSTEES.

A Promissory Note drawn by Trustees of a Church in their behalf and executed by them, will not create a liability against the Church, but the Trustees who signed it, will be held personally liable.

This is an action on three promissory notes, each being in the words following :

" San Francisco, April 5th, 1855 : Eight months after date, we, the undersigned, Trustees of the First African Methodist Episcopal Church, in behalf of the whole board of Trustees of said association, promise to pay to Darius Stokes, or order, four hundred and ninety eight dollars and seventy-five cents, with interest at three per cent. per month, until paid, for value received by said association.

HENRY C. CORNISH.
JOHN C. LEWIS."

The plaintiff alleges the three notes were subsequently assigned and transferred to him by Stokes.

The answer of defendants alleges they never received any consideration for the notes from Stokes, or from Haskell, and that the debt, if any be due, was by the trustees of the First African Church, being a corporation existing under the laws of California.

It appeared the notes were given to raise funds in aid of the erection of the edifice, and the records of the church were produced to show the Treasurer and Secretary were empowered to sign notes and contract debts in the name of the corporation. It also appeared that Stokes and plaintiff had taken the benefit of the Insolvency law.

There was no evidence, however, introduced to show that plaintiff, when he took the notes, was made aware of their being a church liability, and was aware of any other purport than the face thereof.

Trial by Jury.

*G. P. Fobes*, for plaintiff.

*J. D. Creigh*, for defendant.

NORTON, J., In the charge to the Jury, instructed them that these notes, as drawn, could not be enforced against the church property. They were given on behalf of the trustees, without any apparent authority so to raise the money. It seemed a common occurrence for notes of this kind to be made when a few persons get together to start a church, and the authorities vary as to the extent of liability of their makers. It depends altogether on the manner they were worded. If plaintiff purchased the notes in the ordinary course of business, before they became due, and not after, he was entitled to recover against third parties. If the Jury believed they were intended to be, and were executed as the notes of defendants, the plaintiff was also entitled to recover.

Verdict for plaintiff.